# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **GREGORY J. STEWART** | * | **CIVIL ACTION** |
| | * | |
| **VERSUS** | * | **NO: 2:20-cv-03338** |
| | * | |
| **PARAKOU SHIPPING, LTD. and** | * | **JUDGE LEMELLE** |
| **CP TIANJIN SHIPPING, SA** | * | |
| | * | **MAGISTRATE DOUGLAS** |
| | * | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

## ANSWER

**NOW INTO COURT**, through undersigned counsel, come defendants, Parakou Shipping, Ltd. ("Parakou") and CP Tianjin Shipping, SA ("CP Tianjin") (collectively, "Defendants"), and for answer to the Complaint filed by plaintiff, Gregory J. Stewart ("Plaintiff"), allege and aver upon information and belief as follows:

### First Defense

The Complaint fails to state a claim against Defendants upon which relief can be granted.

### Second Defense

In response to the numbered paragraphs of Plaintiff's Complaint, Defendants aver as follows:

1.

Defendants admit the truth of the allegations contained in Paragraph 1 of the Complaint, with the clarification that CP Tianjin's principal place of business is in the

1

Marshall Islands.

2.

Paragraph 2 of the Complaint does not contain allegations of fact but conclusions of law for which an answer is not required; however, to the extent an answer is required, Defendants deny that jurisdiction is premised on 28 U.S.C. §1331 but do not contest jurisdiction under the general maritime law or venue in this Honorable Court.

3.

Defendants deny the truth of the allegations contained in Paragraph 3 of the Complaint for lack of knowledge or information sufficient to justify a belief in the truth thereof.

4.

Defendants deny the truth of the allegations contained in Paragraph 4 of the Complaint, except to admit that the M/V CP TIANJIN was docked in the Port of New Orleans on December 10, 2019, that CP Tianjin was the owner of the M/V CP TIANJIN, and that Parakou was the manager of the M/V CP TIANJIN.

5.

Defendants deny the truth of the allegations contained in Paragraph 5 of the Complaint.

6.

Defendants deny the truth of the allegations contained in Paragraph 6 of the Complaint.

7.

Paragraph 7 of the Complaint does not contain allegations that require an answer of Defendants; however, Defendants re-aver, reiterate, and adopt by reference each and every averment and defense set forth above.

8.

Defendants deny the truth of the allegations contained in Paragraphs 8 – 13 of the Complaint.

9.

Defendants deny the prayer for relief and any unnumbered allegations contained in the Complaint.

### **Third Defense**

Further answering, Defendants allege that if Plaintiff sustained any injuries and/or damages in the manner alleged in the Complaint, which is specifically denied, then the injuries and/or damages complained of, if any, were solely caused or contributed to by Plaintiff's own negligence, fault, inattention to duty and/or failure to work in a reasonable manner. Defendants specifically plead the defense of comparative negligence.

### **Fourth Defense**

Defendants specifically allege that at no time were they or any of their employees in any way negligent or at fault, and, if any party was negligent or at fault in causing Plaintiff's alleged injuries and/or damages, it was a party for whom Defendants are not responsible.

### Fifth Defense

Defendants allege that Plaintiff's injuries, if any, were the result of risks incidental to his duties and employment as a longshoreman and, therefore, were assumed by him.

### Sixth Defense

Plaintiff is held to the standard of care of a reasonably prudent person and is expected to see and avoid what a reasonably prudent person should see and avoid. Plaintiff's recovery, if any, should be reduced and/or barred by his failure to act in a reasonably prudent manner.

### Seventh Defense

Defendants allege that Plaintiff did not take the proper steps to mitigate his alleged injuries, damages, or losses. Plaintiff is placed on the full proof of the fairness and reasonableness of his steps, if any, taken to minimize said injuries, damages and/or losses, if any.

### Eighth Defense

Defendants assert all defenses to vessel liability under 33 U.S.C. §905(b) arising from *Scindia Steam Navigation Co., Ltd. v. De Los Santos*, 451 U.S. 156 (1981) and its abundant progeny.

**WHEREFORE,** Parakou Shipping, Ltd. and CP Tianjin Shipping, SA pray that this, their Answer, be deemed good and sufficient, and that after due proceedings, there be judgment in their favor and against Plaintiff, dismissing Plaintiff's Complaint at Plaintiff's cost, and for all other general and equitable relief as the law and nature of the

case may allow.

                Respectfully submitted,

                MURPHY, ROGERS, SLOSS,
                  GAMBEL & TOMPKINS

                */s/ Peter B. Sloss*
                Peter B. Sloss, T.A. (#17142)
                psloss@mrsnola.com
                Donald R. Wing (#29486)
                dwing@mrsnola.com
                701 Poydras Street
                Suite 400, Hancock Whitney Center
                New Orleans, LA 70139
                Telephone: (504) 523-0400
                Fax: (504) 523-5574
                *Attorneys for defendants, Parakou Shipping, Ltd.*
                *and CP Tianjin Shipping, SA*

650/6017

4836-7852-2841, v. 1